IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA NOCE, ET AL., | CASE NO. 04-337 ERIE |
| PLAINTIFFS, | JUDGE SEAN J. McLAUGHLIN |
| vs. | **PLAINTIFFS' AMENDED PRETRIAL STATEMENT** |
| CAWA, INC., ET AL., | |
| DEFENDANTS. | |

Now come Plaintiffs, Patricia L. Noce and Leota M. Noce, by and through the undersigned legal counsel, and submit their Amended Pretrial Statement as set forth more particularly hereinafter.

**I.   NARRATIVE STATEMENT OF MATERIAL FACTS**

Plaintiffs Patricia L. Noce (adult daughter) and Leota M. Noce (mother), residents of Ashtabula, Ohio, filed the instant action seeking recovery of compensatory damages from Defendants CAWA, Inc., and Loretta Leszunov. The Plaintiffs' Complaint is based upon the diversity of citizenship between the Plaintiffs and Defendants and is brought pursuant to Title 28 U.S.C. §1332; the Plaintiffs further bring this action to recover monetary damages in excess of $75,000.00.

In their Complaint, Plaintiffs allege that Plaintiffs sustained serious and permanent bodily injuries as the result of a motor vehicle collision with Defendant CAWA, Inc.'s motor vehicle that was being operated by Defendant Loretta Leszunov on October 23, 2003. The collision occurred on Route 6 N in Elkcreek Township, Erie County, Pennsylvania. Defendant Loretta Leszunov, driving a vehicle owned by Defendant CAWA, Inc., was southbound on State Route 18 when said Defendant failed to stop at the intersection of Route 6 N.

The accident was solely caused by the negligence of Defendant Loretta Leszunov.

As a direct and proximate result of the collision, Plaintiffs Patricia L. Noce and Leota M. Noce sustained serious and permanent bodily injuries.

## II.    STATEMENT OF DAMAGES

Plaintiffs Patricia L. Noce and Leota M. Noce have incurred substantial expenses for their medical care and treatment. Total gross medical bills for each Plaintiff are approximately $500,000.00 per Plaintiff.

In addition, Patricia L. Noce has sustained a permanent loss of future income and the right to earn a living. She is unable to return to her former employment. A vocational assessment has been conducted to determine the earning loss associated with the permanent disability of Patricia L. Noce.

In addition, Plaintiff Leota M. Noce has incurred permanent debilitating injuries. Leota M. Noce has a permanent tracheotomy which requires daily care and treatment. A life care plan is being formulated for Leota M. Noce. Counsel for the Defendants has been advised that a life care plan is being prepared, and has consented to receiving same as soon as practicable.

## III.    WITNESSES

Plaintiffs witnesses include the following:

1. Plaintiff Patricia L. Noce
   5848 Runkle Avenue
   Ashtabula, Ohio 44004

2. Plaintiff Leota M. Noce
   5848 Runkle Avenue
   Ashtabula, Ohio 44004

3. Defendant Loretta Leszunov
   48675 West 38th Street
   Erie, Pennsylvania 16506

4. Rod W. Durgin, Ph.D.

        Ann Veh
        Vocational Assessments Inc.
        3361 Executive Parkway
        Suite 302
        Toledo, Ohio 43606
        *For the purposes of damages: vocational evaluation and life care plan.

5.     Robert A. Dlwgosh, M.D.
        The Ashtabula Clinic, Inc.
        2422 Lake Avenue
        Ashtabula, Ohio 44004
        *For the purposes of damages: with respect to Plaintiffs Patricia L. Noce and Leota M. Noce

6.     Jeffrey A. Brodsky, D.O.
        Ashtabula Orthopaedics, Inc.
        2131 Lake Avenue, Suite 1
        P.O. Box 1425
        Ashtabula, Ohio 44004
        *For the purposes of damages: with respect to Patricia L. Noce.

7.     Ritu Malhotra, M.D.
        The Ashtabula Clinic, Inc.
        2422 Lake Avenue
        Ashtabula, Ohio 44004
        *For the purposes of damages: with respect to Leota M. Noce

8.     Representatives of the Pennsylvania State Police who investigated the motor vehicle accident, represented by Crash No: P-0544626 including but not limited to Trpr. William G. Sibbald, Jr.,
        Trpr. V. S. Witowski
        Trpr. Michael Strychalski
        *For the purposes of establishing liability.

9.     Economist, yet unidentified, as may be needed to opine as to the present value of Plaintiff Leota M. Noce's life care plan.

10.    Other physicians and health care practitioners who treated Plaintiffs Patricia L. Noce and Leota M. Noce and whose medical records and opinions have been provided to defense counsel, as may be necessary for the purposes of describing care and treatment, authenticating records and bills, etc.

11.    Other family members of Plaintiffs as may be necessary to testify as to the damages sustained by Plaintiffs.

**IV.    DESIGNATION OF WITNESSES TO TESTIFY BY DEPOSITION**

At this juncture, Plaintiffs anticipate calling all witnesses live at trial. Should, however, schedules of physicians preempt testimony at trial, same will be taken by videotape deposition for presentation to the jury.

## V.    IDENTIFICATION OF EXHIBITS

Exhibits will include photographs of the motor vehicles involved in the accident and medical records reflecting care and treatment to the Plaintiffs. These documents have been exchanged with defense counsel.

## VI.    LEGAL ISSUES OUTSTANDING

An issue has arisen between Plaintiffs and Defendants regarding whether Ohio or Pennsylvania law governs the amount that Plaintiffs may recover from Defendants for past medical expenses.

Plaintiffs believe Ohio's law regarding the applicability of the collateral source rule to payments made by Plaintiffs' own insurance carriers governs the case at bar. Plaintiffs noted that in *Robinson v. Bates* (2005), 160 Ohio App.3d 668 (Ohio App. 1 Dist.), the appellate court affirmed the Ohio courts' application of the collateral source in allowing a plaintiff to recover the amounts billed by the health care provider as damages for past medical expenses and that a plaintiff is not limited to recovering the amount actually paid by her insurance carriers.

This case involves an accident that occurred between Plaintiffs, Ohio citizens, and Defendants, Pennsylvania citizens, while Plaintiffs were operating their motor vehicle in Pennsylvania. Plaintiffs assert that Ohio's law regarding the applicability of the collateral source rule applies and that under Ohio law, Plaintiffs are entitled to recover from Defendants the amounts billed to Plaintiffs insurance carriers by Plaintiffs health care providers as damages for past medical expenses.

However, Defendants argue that Pennsylvania law governs and that the ruling in

*Moorhead v. Crozer Chester Medical Center* (2001), 564 Pa. 156 limits the applicability of the collateral source rule in this case. Defendants assert that Plaintiffs are limited to recovering the amount actually paid by Plaintiff's insurance carriers to Plaintiffs' health care providers as damages for past medical expenses.

As is demonstrated above and was noted in *Robinson*, supra, a true conflict exists between Ohio law and Pennsylvania law concerning the applicability of the collateral source rule to the recovery of past medical expenses as damages. As such, Pennsylvania's choice of law principles apply. The rule of lex loci delicti has been abrogated in Pennsylvania and there are various factors that a court must weigh to determine which state's law applies.

Plaintiffs are Ohio residents, their insurance contracts were entered into pursuant to Ohio law, Plaintiffs' insurance carriers are entitled to subrogation, and Ohio's public policy in preventing a defendant that has injured an Ohio plaintiff from receiving a benefit from the health insurance contracts that an Ohio plaintiff has entered into outweighs Pennsylvania's interest in preventing a plaintiff from receiving a potential windfall. Defendants should not be allowed to benefit from the bargain that was reached by Plaintiffs with their insurance carriers just because Plaintiffs were unfortunately injured in an automobile accident while traveling in Pennsylvania. After weighing the various factors, this Court should rule that Ohio has a greater, more significant interest in having its law apply and thus, Ohio's law regarding the collateral source rule governs this case.

## VII.  EXPERT DISCLOSURES

Counsel for the Plaintiffs will provide defense counsel, promptly upon receipt of same, with the vocational loss assessment report for Patricia L. Noce as well as the life care plan for

Leota M. Noce.

Heretofore, counsel for the Plaintiffs has provided to defense counsel the following:

1. With respect to Patricia L. Noce:

   a. Robert A. Dlwgosh, M. D.:   reports dated February 1, 2005 and February 1, 2005.

   b. Jeffrey A. Brodsky, D.O.:   reports dated March 22, 2005 and September 7, 2005.

2. With respect to Leota M. Noce:

   a. Robert A. Dlwgosh, M.D.:   report dated February 1, 2005.

   b. Ritu Malhotra, M.D.:  reported dated February 1, 2005.

**VIII.   COPIES OF ADDITIONAL REPORTS**

Same have been provided as set forth hereinabove. The Plaintiffs are in the process of obtaining the necessary life care plan for Leota M. Noce and the vocational loss assessment for Patricia L. Noce.

**IX.   SETTLEMENT DISCUSSIONS/MEDIATION**

The parties have agreed to mediate the captioned matter on December 21, 2005. The mediator selected by the parties is E. Max Weiss of Meadville, Pennsylvania.

 

Respectfully submitted,

 s/ David E. Pontius  
David E. Pontius            0004781

>Jeffrey A. Ford          0006002
>ANDREWS & PONTIUS LLC
>4817 State Road, Suite 100
>P.O. Box 10
>Ashtabula, Ohio 44005-0010
>Phone:    440.998.6835
>Fax:      440.992.6336
>E-Mail: dpontius@andrewspontius.com

## **CERTIFICATION**

    I hereby certify that on November 10, 2005, a copy of the foregoing Plaintiffs' Amended Pretrial Statement was filed electronically and Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> s/ David E. Pontius
>David E. Pontius