IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA NOCE and LEOTA NOCE, | ) CIVIL ACTION |
|  | ) |
| Plaintiffs, | ) NO. 04-337E |
|  | ) |
| v. | ) |
|  | ) |
| CAWA, INC. and LORETTA LESZUNOV, | ) |
|  | ) |
|  | ) JURY TRIAL DEMANDED |
| Defendants | ) |

### DEFENDANTS' PRETRIAL NARRATIVE STATEMENT

AND NOW, come the Defendants, CAWA, Inc. and Loretta Leszunov, by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin and G. Jay Habas, Esquire, and hereby set forth their Pretrial Narrative Statement as follows:

**I.   FACTUAL BACKGROUND**

On October 23, 2003, plaintiff, Patricia Noce, now 54 years old, operated a motor vehicle traveling westbound on Route 6N in Elk Creek Township near Albion, Erie County, Pennsylvania.  Her now 80 year old mother, Leona Noce, was a passenger in the vehicle.

At the same time, defendant, Loretta Leszunov, operated a vehicle owned by defendant CAWA, Inc., her employer, on Route 18 south towards its intersection with Route 6N.

The parties' vehicles collided in the intersection of Routes 6N and 18.

Plaintiff Patricia Noce has no recollection of the accident.  She does not recall observing defendant's vehicle enter the intersection in front of her. Defendant Loretta Leszunov was not familiar with Route 18 at its intersection with Route 6N, and did not see a stop sign for traffic on Route 18 at or near the intersection with Route 6N.

Plaintiffs sustained various injuries in the accident. They principally treated for their injuries at Hamot Medical Center and Select Specialty Hospital in Erie. After discharge from the hospitals, plaintiffs returned to Erie for some follow up care by local medical providers.

**II.    WITNESSES**

|    | NAME | LIABILITY | DAMAGES |
|---|---|---|---|
| 1. | Loretta Leszunov | X | X |
| 2. | Patricia Noce | X | X |
| 3. | Leota Noce | X | X |
| 4. | Heather Halford, R.N.<br>Cleveland Clinic Home Care<br>6801 Brecksville Road<br>Independence, OH  44131 |  | X |
| 5. | Ritu Malhotra, M.D.<br>Ashtabula Clinic<br>2422 Lake Avenue<br>Ashtabula, OH  44004 |  | X |
| 6. | Life care planner, not identified, to respond to plaintiffs' life care plan, not received |  | X |
| 7. | Economist, not identified, to respond to plaintiff's economic report, not received |  | X |
| 8. | Vocational evaluator, not identified, to respond to plaintiff's vocational evaluation, not received |  | X |
| 9. | IME physician, as the parties have agreed that defendant will obtain an IME of plaintiffs in the event the case is not settled. |  | X |
| 10. | If Ohio law applies to plaintiffs' damages, defendants reserve the right to provide a medical evaluation of the reasonable value of the medical services. |  | X |

| | | |
|---|---|---|
| 11. | Physicians and health care providers identified in the plaintiffs medical records, including from Hamot Medical Center, Select Specialty Hospital, and the other medical providers | X |
| 12. | Representatives of plaintiffs' health care providers | X |
| 13. | Manager, Wendy's Restaurant Ashtabula, Ohio and/or corporate representative | X |

Defendants reserve the right to call any witnesses named or identified in Plaintiffs' Pretrial Narrative Statement, discovery, documents, depositions or at any time with respect to the matters alleged or involved in this case. The Defendants also reserve the right to supplement this list of witnesses at any time prior to the time of trial.

**III.    EXHIBITS**

Exhibits will include excerpts from the plaintiffs' medical records, bills and statements identifying the amount of paid medical expenses. These documents have been provided by plaintiffs' counsel. Exhibits also may include calculation and analysis of plaintiffs' damages based on the review by a life care planner, economist, vocational evaluator and/or medical witness.

The Defendants reserve the right to offer into evidence any documents identified in Plaintiffs' Pretrial Narrative Statement, discovery, depositions or at any time with respect to the matters alleged or involved in this case. The Defendants also reserve the right to supplement this list of exhibits at any time prior to the time of trial.

**IV.   LEGAL ISSUES**

Defendants contend that Pennsylvania law should govern the issues of liability and damages in any trial of this case. Plaintiffs believe that Ohio law should apply to damages.

Plaintiffs' request that Ohio law apply to damages is based solely on a recent decision by one of Ohio's intermediate appellate courts, *Robinson v. Bates*, 160 Ohio App.3d 668, 828 N.E.2d 657 (Ohio App. 2005), that a plaintiffs' recovery of the reasonable value of medical services is not limited to the amount paid for such services, as is the case under Pennsylvania law as established by the Pennsylvania Supreme Court. *See Moorhead v. Crozer Chester Medical Center*, 564 Pa. 156, 675 A.2d 786 (PA 2001), in which the Pennsylvania Supreme Court held that the recovery of medical expenses is limited to the amount paid and accepted by the health care providers in full for the medical services rendered. However, the *Robinson* case has been appealed to the Ohio Supreme Court, which has agreed to hear it, *Robinson v. Bates*, 106 Ohio St.3d 1531, 835 N.E.2d 381 (October 5, 2005), thus the law in Ohio on this issue is not settled.

Defendants maintain that Pennsylvania law applies to liability and damages since the injuries occurred in Pennsylvania, the plaintiffs received most of their medical treatment in Pennsylvania and the majority of the medical expenses were incurred here. Pennsylvania has an interest in determining the proper compensation to be provided to plaintiffs injured in the state.

Regardless of the resolution of the choice of law issue on damages, in both Ohio and Pennsylvania, the amount of the paid medical bill is admissible evidence of the reasonableness of the charges for the medical and hospital services. *See Wagner v. McDaniels*, 9 Ohio St.3d 184, 459 N.E.2d 561, 564 (1984).

4

       Respectfully submitted,

       **MARSHALL, DENNEHEY, WARNER,**
           **COLEMAN & GOGGIN**

By: *G. Jay Habas*
       G. Jay Habas, Esquire
       PA ID 55581
       Renaissance Centre
       1001 State Street, Suite 1400
       Erie, PA 16501
       (814) 461-7800

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA NOCE and LEOTA NOCE, | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | NO. 04-337E |
| | ) | |
| v. | ) | |
| | ) | |
| CAWA, INC. and LORETTA LESZUNOV, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Defendants' Pretrial Narrative Statement was mailed to the following listed below this __15th__ day of November, 2005, by United States First Class mail, postage pre-paid.

David Pontius, Esq.
Andrews & Pontius
P.O. Box 10
Ashtabula, OH  44005-0010

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:____*G. Jay Habas*_____
G. Jay Habas, Esquire

\16_A\LIAB\GJH\LLPG\53180\BXS\15646\00114