IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA NOCE, ET AL.,** | **CASE NO. 04-337 ERIE** |
| PLAINTIFFS, | JUDGE SEAN J. McLAUGHLIN |
| vs. | **MOTION TO ALLOW THE INTRODUCTION OF VIDEOTAPED DEPOSITIONS OF PLAINTIFFS' TREATING PHYSICIANS AND HEALTH CARE PROVIDER AS EVIDENCE AT TRIAL** |
| **CAWA, INC., ET AL.,** | |
| DEFENDANTS. | |

Now come Plaintiffs Patricia Noce and Leota Noce, by and through the undersigned legal counsel, and move this Court for an order allowing Plaintiffs to introduce the videotaped depositions of some of Plaintiffs' treating physicians and health care providers as evidence at trial in lieu of having them testify in person at trial, pursuant to Fed.R.Civ.P. Rule 32(a)(3)(E). The Federal Rules of Civil Procedure state the following regarding the use of deposition testimony in lieu of a witness' testimony in person at trial:

> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
> ***
>> (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

Fed.R.Civ.P. Rule 32(a)(3)(E).

In the case before the Court, Plaintiffs were treated by several physicians and health care providers in the State of Ohio and the Commonwealth of Pennsylvania for injuries sustained by them as a result of the automobile accident that occurred on October 23, 2003. Plaintiffs intend to use the testimony of six (6) to twelve (12) physicians and health care providers to establish the elements of their claim(s). By allowing the parties to introduce the videotaped depositions of

Plaintiffs' treating physicians and health care providers as evidence in lieu of having them testify in person at trial, the time that will be required to try this case will be significantly decreased.

Additionally, all parties will have had notice and an opportunity to cross-examine these witnesses when the videotaped depositions are conducted. The parties will have the opportunity to place any objections to the physicians' and health care providers' testimony on the record. The Court will also have an opportunity to rule on any objections prior to the videotape being played to the jury. As such, no one will be prejudiced by allowing the parties to introduce these depositions as evidence at trial.

As noted previously, Plaintiffs' treating physicians and health care providers are located in both the State of Ohio and the Commonwealth of Pennsylvania. Some of these physicians and health care providers will have to spend a large amount of time traveling to and from the Court in order to provide their testimony. This would create an undue hardship on these physicians and health care providers due to their obligations to other patients and other professional commitments. Requiring all of these physicians and health care providers to provide testimony in person at trial would necessarily preclude them from tending to these other patients and/or meeting these other professional obligations during the time this trial is conducted. These physicians and health care providers would be told to be at the court at a certain time to provide their testimony, but then that time may be delayed or postponed due to unexpected events that occur during trials. This would ultimately result in those physicians and health care providers that have not yet given their testimony to have to come back on another day to provide their testimony, resulting in more missed time away from work and their patients. It would be very difficult to maintain any type of timing schedule for these witnesses in order to minimize the amount of time that they would be deprived of performing their professional obligations to their patients. In addition, a medical emergency may arise during the time of trial which may preclude the availability of Plaintiffs' physicians' and health care providers' testimony at trial. If this were to occur, then Plaintiffs would be prejudiced in presenting their claims to the jury.

Based upon the foregoing reasons, it is desirable and in the interests of justice that this Court grant Plaintiffs' motion and issue an order allowing the parties to introduce the videotaped

depositions of some of Plaintiffs' treating physicians and health care providers as evidence at trial in lieu of having them testify in person at trial pursuant to Fed.R.Civ.P. Rule 32(a)(3)(E).

Respectfully submitted,

  s/ David E. Pontius
David E. Pontius          0004781
Jeffrey A. Ford           0006002
ANDREWS & PONTIUS LLC
4817 State Road, Suite 100
P.O. Box 10
Ashtabula, Ohio 44005-0010
Phone: 440.998.6835
Fax:         440.992.6336
E-Mail: dpontius@andrewspontius.com

**CERTIFICATION**

I hereby certify that on December 15, 2005 a copy of the foregoing was filed electronically and notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

  s/ David E. Pontius
DAVID E. PONTIUS

3